ORIGINAL
2-to W
FILED
HARRISBURG, PA
JUL 2 5 2003
MARY E. D'ANDREA, CLERK
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY K. WYATT, ANNA WYATT AND THE FINANCIAL GREENHOUSE, | ) ) ) ) | NO. 1:CV-03-726 |
| Plaintiff | ) ) | |
| vs. | ) ) | JUDGE SYLVIA RAMBO |
| TERRANCE A. KEATING, JEFFERSON PILOT, INC. AMERICAN NATIONAL (LEGACY) INC., AND LIFE USA (ALLIANCE) INC. | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants | ) ) ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT KEATING' MOTION TO DISMISS THE COMPLAINT**

**I.) BACKGROUND**

**A.) PROCEDURAL HISTORY**

On or about April 30, 2003 the plaintiff filed their civil rights complaint claiming 1st and 4th Amendment violations pursuant to 42 U.S.C. §1983. The defendants filed motion to dismiss or in the alternative a motion for summary judgment. This brief is in opposition to defendant Keating' motion to dismiss the complaint.

1

## B.) FACTUAL HISTORY

The plaintiffs' Mr. Wyatt, Mrs. Wyatt and the (Financial Greenhouse) consist of two adult's individuals and a corporate entity. All of the plaintiffs were and are involved in selling insurance in the Commonwealth of Pennsylvania and were and are licensed to sell insurance in the Commonwealth of Pennsylvania. See Complaint ¶'s 6-8. On or about the early 90's the plaintiffs including Wesley Wyatt received a license to sell insurance in the Commonwealth of Pennsylvania and at that time properly made application and disclosed all relevant and important information. See Complaint ¶'s 12-13. On or about May 1999 the defendant Keating began communication with a Pittsburgh television station which had undertaken to attack Wes Wyatt in a prolific barrage of expose' type journalism. During the communications with the Pittsburgh television station the defendant Keating distorted and intentionally provided misleading information about Mr. Wyatt and the Insurance Departments role in approving Wyatt's earlier application, intending to hurt him in his business and intending to destroy his reputation, and also intending to unlawfully deprive Mr. Wyatt of his license. See Complaint ¶'s 15 through 17. Keating also sought to collaterally injure Anna Wyatt and the Financial Greenhouse as associates of Wyatt's.

Subsequently the defendant Keating and others at the Pennsylvania Insurance Department took action to remove Mr. Wyatt's license under false pretenses. See Complaint ¶'s18 through 21. During this period of time the defendant Keating and other unknown officials at the Pennsylvania Insurance Department and the insurance companies who persistently curry favor with the insurance department like the insurance company defendants, acted to deny licenses and business and the opportunity to lawfully earn a living to all three of the plaintiffs. See Complaint ¶'s 21-22. The private defendants not only revoked Mr. Wyatt's license knowing that Mr. Wyatt had lawfully acquired a Pennsylvania license and had misled no one and had done nothing wrong, and the private defendants Jefferson Pilot, American National, Life USA all acted to support and assist the Pennsylvania Insurance Department, and more specifically Mr. Keating in destroying the business of Mr. Wyatt, Anna Wyatt, and The Financial Greenhouse all to support Mr. Keating so the Insurance Department would look good on TV.

Mr. Wyatt took legal action to protect himself. On or about April 30, 2001 the Commonwealth Court of Pennsylvania reversed the Insurance Commissioner's September 5, 2000 decision and restored Mr. Wyatt's license and his right to sell insurance. See Complaint ¶24. Since that time the Insurance Department has continuously notified the insurance

companies, the public, and others, of the Commissioners decision to revoke Mr. Wyatt's license, but has intentionally avoided telling the truth ie. that Mr. Wyatt's license should have been restored, and that the Department's September 5, 2000 decision was reversed. All of this was done to bring harm and injury to Mr. Wyatt and to appease the press. There was absolutely nothing, at any time, that Anna Wyatt ever did, in anyway, that would ever justify the arbitrary and capricious revocation of her lawfully held insurance license. Yet the defendants all moved to destroy and deny Anna Wyatt her right to sell insurance as a licensed insurance agent in the Commonwealth of Pennsylvania and this misconduct extended to the Financial Greenhouse as well.

The lawsuit was consequently filed when it was learned that the Insurance Department refused to correct its records, and that it was obvious, based upon the facts, that the private insurance companies were joining in Mr. Keating's desire to destroy, not only Wes Wyatt's lawful right and ability to do business as a licensed insurance agent in Pennsylvania, but that Anna Wyatt and the Financial Greenhouse were being injured simply because they knew Wesley K. Wyatt.

## II.) ISSUES

1.) Are plaintiff's claims time-barred?

2.) Did plaintiff state a claim for 4th Amendment violations?

3.) Were plaintiffs' tortuous interference with contractual relations claims timely filed and was the defendant Keating immune from suit?

4.) Did the complaint allege constitutional claims by Anna Wyatt and the Financial Greenhouse?

## III.) ARGUMENT

1.) <u>Are plaintiffs' claims time-barred?</u>

The defendant Keating argues that "Most" of plaintiffs civil rights claims should have been brought more than 2 years prior to when plaintiff's filed their complaint. Of course the defendant Keating doesn't specify what claim, the nature of the claims, what "Most" consists of, and as a result, this argument is presented in an incomplete fashion and left hanging in space. But more important, the defendants argument as to statute of limitations isn't valid nor is it supported by the law or the facts in this case. It is admitted that the statute of limitations for §1983 actions is 2 years because the federal government adopts the personal injury limitations based upon the jurisdiction in which the action is brought. But in this case the licenses of Wes Wyatt was reinstated by virtue of a Commonwealth Court opinion on

April 30, 2001. The defendant Keating appears to be arguing that because the license was revoked on September 5, 2000, by virtue of Mr. Keating's efforts, that the statute of limitations for these actions began to accrue at that point. The defendant Keating's arguments are spurious. No Federal court, given the proper role of comity in our judicial system, would have entertained a challenge to the suspension of Mr. Wyatt's license, because he had not exhausted his state remedies first. *Parrott v. Taylor*, 451 U.S. 527 (1981). Mr. Wyatt had no alternative but to exhaust his state remedies since he had a post-deprivation remedy as a matter of state law, in the state system, before he could turn to the federal system and seek relief from the unlawful actions that Mr. Keating had taken. The bottom line is quite simple, Mr. Wyatt filed his federal action within 2 years of when the Insurance Department was reversed by the Commonwealth Court of Pennsylvania triggering as per *Parrott,* and *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). (It is noteworthy that the insurance department didn't appeal the decision of the Commonwealth Court). It is also worthy of note that Anna Wyatt and the Financial Greenhouse also suffered by virtue of Mr. Keating's actions. The harm and injuries they suffer continues until this very day, as does Mr. Wyatt's. In fact the insurance department continues to inform people that Mr. Wyatt was charged a $1,000.00 fine and his license was revoked,

without telling them that this action was reversed by Commonwealth Court and his license was reinstated.

2.) <u>Did plaintiffs assert a malicious prosecution claim?</u>

The defendant Keating argues that for purposes of the 4th Amendment, and 42 U.S.C. §1983, that no "unlawful seizure" occurred as a consequence of any legal proceeding. The defendant Keating makes a two prong argument 1.) There was no unlawful seizure as a matter of law, 2.) Keating says that, although it isn't specifically idenitifed in the issues presented for review, that even if an unlawful seizure had occurred, that Mr. Keating enjoys "absolute immunity". But either way, Mr. Keating's argument is not supportable.

As to the alleged lack of unlawful seizure. The defendant Keating cited to essentially two cases 1.) <u>Gallo v. City of Philadelphia</u> 161, F. 3d 217 (3rd Cir. 1998) and <u>Bristow v. Clevenger</u>, 80 Fed. Supp. 2nd 421 (M.D.Pa. 2000). Both of the cases cited by Mr. Keating are erroneously applied in this case and/or are misstated to as to their contents. As to <u>Bristow v. Clevenger</u>. This was plaintiff's counsels' case. The case cited contained dictum based upon a misinterpretation of the facts by the trial judge in that case (the Honorable Sylvia Rambo). Regardless <u>Bristow v. Clevenger</u>, was settled. There was a follow-on <u>Bristow v. Clevenger</u> case in which the district court

made similar errors it made in the *Bristow v. Clevenger* cited at 80 F.2nd 421 and that case ended up being appealed to the Third Circuit Court of Appeals. Plaintiff's counsel won a reversal in that case. The case came back and it was settled..

As to *Gallo* the defendant Keating is in error as to his interpretation of that case. See attached hereto, a recent Third Circuit Court opinion, in *Graw v. Fantasky et al.* and in particular see pages 10-11 of the Third Circuit opinion. Mr. Wyatt most certainly did suffer an unlawful seizure for purposes of the 4th Amendment and the law of 42 U.S.C. §1983 as per *Graw*.

The other issue raised by Mr. Keating is one of immunity. Mr. Keating clearly isn't entitled to immunity since he intentionally started and conducted the investigative action on his own, knowing that the information he had provided to the Pittsburgh TV station was false, and that the license revocation was unfounded. Furthermore, Mr. Keating initiated the action in order to injure Mr. Wyatt, knowing that the representations that he made regarding Mr. Wyatt's license application disclosures were false. Mr. Keating therefore doesn't even qualify as a prosecutor, per se, since he was in effect an investigator acting as an affiant, ie. a complaining witness. Last, the law cited by Mr. Keating doesn't support his contention of an entitlement to immunity from liability under §1983 based on either absolute or qualified

immunity. Again, Mr. Keating didn't merely initiate the prosecution, or prepare the case, or present it before a tribunal. What Mr. Keating did was intentionally provide misleading information, conduct a phony review of the facts and then bring a complaint and recommend an unlawful response which the Commission followed. He was the individual who spoke with the reporter in Pittsburgh, and he was the individual who took steps to create a false fact scenario so that Mr. Wyatt's license could be taken. As such he was not acting as a prosecutor. He was acting as a police officer or investigator. In that type of role, that specifically denies him immunity as per *Burns v. Reed,* 500 U.S. 478 (1991). The defendant Keating misunderstands the language "initiate legal proceedings" or "initiate a prosecution". That reference is made to the administrative process, not to the investigative aspect or acting as a complaining witness as Keating did in this case. By way of further response the plaintiff Wyatt has been able to procure a video tape which demonstrates clearly that Mr. Keating intentionally misled the TV stations in Pittsburgh, then in order to cover his tracks, turned around and made a false charge against Mr. Wyatt knowing that it was incorrect and that there was an absence of probable cause. For this reason Mr. Keating can't claim qualified immunity.

3.) Plaintiff's tortuous interference with contractual relationships claims shouldn't be dismissed as time-barred for the reasons cited at number 2 above. Mr. Keating isn't immune from suit. Mr. Keating again argues that the statue of limitations bars claims for intentional interference with contractional relationships. To begin with, the allegations of intentional inference with contractional relationships begins on or about September 5, 2000 when the Pennsylvania Insurance Department issued the order taking Mr. Wyatt's license and fining him. The period of injury then extends through to the present. Neither of the private defendants, nor Mr. Keating, or for that matter, the Insurance Department has ever acknowledged or responded to numerous notifications that the Commissioner, of Pennsylvania was reversed by Commonwealth Court on April 30, 2001. The tortuous interference with contracts is a continuing violation and continues to this day. Furthermore, when these violations occurred within the two year period of time since September 5, 2000 until April 30, 2001 when Mr. Wyatt won reversal of the Insurance Commissioners decision should be subject to the principals of equitable tolling alone. Mr. Wyatt would have been barred from pursuing any of the defendants based upon the obvious effect of collateral proceedings that were in effect by virtue of his response to the wrongs he suffered. His right to bring a contractual relations interference

claim didn't accrue until April 30, 2001. He couldn't have pursued a state court claim for interference with contractual relationship even if he had tried in light of the license suspension he was under at the time. By operation of law he wouldn't have had jurisdiction to bring the interference claim because he was, in the eyes of the government, without any jurisdictional basis to do so. Not having a license, he couldn't claim, according to the state that his contractual relationships with the private entities could have been interfered with, because, as a matter of law, he would have no contract to be violated. Mr. Keating's argument is baseless because it would have been jurisdictionally impossible for Mr. Wyatt to have brought any action based upon his insurance license when the state had indicated that he didn't have that right. The defendant Keating then makes an argument based on sovereign immunity (plaintiff assumes Mr. Keating also meant to include governmental or official immunity).

Regardless, the defense isn't available to Mr. Keating for a very simple reason, he was not acting within the scope of his employment when he intentionally misled the TV station and when he intentionally misused and misapplied the contents of Mr. Wyatt's file in order to have the Insurance Commissioner take Mr. Wyatt's license.

In short, Mr. Keating isn't entitled to immunity in this case because he wasn't acting within the scope of his employment.

4.) Did the complaint allege constitutional claims by Anna Wyatt and the Financial Greenhouse?

Does the complaint allege violations of the rights of Anna Wyatt and The Financial Greenhouse? Mr. Keating argues that the claims of Anna Wyatt and The Financial Greenhouse should be dismissed because neither Anna nor the Financial Greenhouse, according to, Keating pled any constitutional violations. Mr. Keating is clearly in error. Anna Wyatt and The Financial Greenhouse allege that she was intentionally injured as a direct consequence of, her association with Mr. Wes Wyatt. And the private defendants, acting with Keating refused to allow Anna to sell insurance products and did the same with the Financial Greenhouse. Thus Anna is claiming that she was injured by Mr. Keating, (intentionally) and the private party defendants, who conspired to destroy the business of Wes Wyatt. Now it is admitted that the defendants perceived Wes Wyatt as the alter ego and the person who controlled the business of the Financial Greenhouse, and Anna Wyatt. While that is not correct, and while the defendants had no actual reason to react in that regard that is what they did. Consequently Anna Wyatt, as stated in the Complaint suffered deprivation of her rights.

**WHEREFORE** the motion by defendant Keating to dismiss the Complaint is hereby **DENIED:**

Respectfully Submitted,

*[signature: Don Bailey]*

Don Bailey Esquire
**BAILEY STRETTON & OSTROWSKI**
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

July 25, 2003

# CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on this *JULY 25, 2003* I served a true and correct copy of *PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT KEATINGS MOTION TO DISMISS THE CO*MPLAINT to the attorney below by First class-postage prepaid mail:

*JEANETTE H. HO ESQUIRE*
*PIETRAGALLO BOSICK & GORDON*
*38TH FLOOR*
*ONE OXFORD CENTRE*
*PITTSBURGH, PA 15219*

*AMANDA L. SMITH ESQUIRE*
*DEPUTY ATTORNEY GENERAL*
*OFFICE OF ATTORNEY GENERAL*
*15TH FLOOR, STRAWBERRY SQUARE*
*HARRISBURG, PA 17120*

*DANIEL J. ZUCKER ESQUIRE*
*260 SOUTH BROAD STREET, SUITE 1200*
*PHILADELPHIA, PA 19102*

*HEINTZMAN WARREN, WISE & FORNELLA P.C.*
*MARILYN J. LARRIMER ESQUIRE*
*707 GRANT STREET*
*PITTSBURGH, PA 15219*

RESPECTFULLY SUBMITTED,

**BAILEY STRETTON & OSTROWSKI**

_____
DON BAILEY, ESQUIRE
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500